UNITED BROTHERS OF FRIENDSHIP *v.* HAYMON.

Opinion delivered March 3, 1900.

BENEFIT INSURANCE—LIABILITY.—Where a mutual aid association issued a certificate of insurance to a member of one of its local lodges, which provided for the payment of a sum of money to the beneficiary named therein on the death of the member, on the condition that such member should comply with all the laws of the association, it is liable on the certificate at the member's death, if the member kept her dues paid and otherwise complied with the laws of the association, although the local lodge of which she was a member had been suspended from the association for non-payment of its dues. (Page 511.)

Appeal from Pulaski Circuit Court, Second District.

JOSEPH W. MARTIN, Judge.

*Cockrill & Cockrill,* for appellants:

The officers of the subordinate lodge had no authority to waive the positive requirement of the by-laws that all back dues be paid before re-instatement. Nib. Ben. Soc. 197; 81 Ia. 401; 10 N. Y. Supp. 503; 86 Ill. 479. It was error to instruct the jury that the member must have had notice of assessments due. Since the by-laws did not provide for such notice, the custom of the society to give it did not render it necessary. 58 Md. 463; 104 U. S. 252. No statement of the secretary or local custom of branch lodge could excuse the non-performance of the positive requirements of the by-laws. 22 Mo. App. 127; 153 Mass. 83; 50 Ill. App. 101; Bacon, Ben. Soc. § 80; Niblack, Ben. Soc. 33. Under the laws and constitution of the order, the state grand master had power to suspend lodges for arrearages. Niblack, Ben. Soc. §§ 67, 287; 121 Ill. 412; 18 La. 425. The construction placed upon the law relating to

suspension by the governing body of the Mutual Aid Association should govern.   57 Fed. 348, 353.   The laws of the order being silent as to the method of re-instatement of a lodge, the custom in reference thereto may be proved.   2 Am. & Eng. Enc. Law, 709 n. 1.   A by-law requiring that an applicant for re-instatement furnish a certificate of health is valid.   57 Fed. 348; 53 N. W. 243; 41 Ill. App. 462.   One who is a member of a suspended lodge is suspended from the order. 83 Mich. 92; 168 Mass. 397.   Evidence of a custom will not be heard to override a by-law.   Niblack, Ben. Soc. 33.   The secretary had no power to waive the rules of the society as to re-instatement. 81 Ia. 401; 10 N. Y. Supp. 503; 86 Ill. 479; 56 Mo. App. 463.

*Marshall & Coffman,* for appellee; *J. H. Hamiter,* of counsel.

The customary construction of the rules became a part of the contract of insurance.   3 Am. & Eng. Enc. Law  (2 Ed.), 1082.   The society is estopped to claim a forfeiture.   72 N. W. 48; Nib. Ben. Soc. 556, 559; 516, 517, 542, 555.   Notice of suspension was necessary to a forfeiture.   6 Cent. Dig.  2067; 31 Mich. 458; 32 S. E. 951; 3 Am. & Eng. Enc. Law (2 Ed.), 1073, 1086–7; Niblack, Ben. Soc. §§ 532–536.   The burden was on appellants to prove notice.   82 Ill. App.  214,  351–4; 54 *ib.* 71; 23 Mo. App. 268.   Even where a policy provides on its face that it is subject to future amendments, these must be reasonable.   Niblack, Ben. Soc. § 58.   Where there is no such provision, no prejudicial changes can be made.   *Ib.* 62; 58 N. Y. Sup. 119; 76 N. W. 683; 31 Mich. 458; Niblack, Ben. Soc. 9, 273, 545;  3 Am. & Eng. Enc. Law (2 Ed.), 1080.   Rules which conflict with the charter are void.   36 Atl. 666;  31 S. W. 493; 74 Ill. App. 545; 171 Ill. 417; Niblack, Ben. Soc. 32, 44.   The suspension of the lodge was void for want of authority to suspend.   47 Mich. 429; 2 L. R. A. 841 n.; 3 Atl. 104.   Also, for want of notice.   3 Am. & Eng. Enc. Law (2 Ed.), 1072 n. 2; 38 Pac. 947; 33 Atl. 1038; 47 Ill. App. 251; 35 Atl. 1055; 10 Ark. 9; *ib.* 236, 613.   The suspension of the lodge did not forfeit the insurance.   Acceptance of the past due assessments by the managing officers was a waiver of the

forfeiture.    22 Cent. Law J. 560; 44 Wis. 376; Niblack, Ben.
Soc. 552, 571, 572, 573.

BATTLE, J.    The National Grand Lodge of the United
Brothers of Friendship and Sisters of the Mysterious Ten of
the United States of America, Dominion of Canada, Districts,
Territories, and Foreign Countries, organized in this state a
grand lodge, known as the "Grand Lodge of the United
Brothers of Friendship and Sisters of the Mysterious Ten of
the State of Arkansas."    The grand lodge of the state estab-
lished, as a branch of it, a mutual aid association, which car-
ried on a benefit and life insurance business among its mem-
bers, and also established over the state local lodges, called
"lodges" and "temples," the former being composed chiefly of
men, and the latter of women.    The constitution of the
grand lodge of the state provides that "all members of each
lodge and temple are members of the Mutual Aid Associa-
tion," and that, "upon the death of a member, the said
Mutual Aid Association shall pay to his or her legal heirs
or representatives the sum of $100 within sixty days after the
notice of death."    Among the temples created was "Lincoln
Temple No. 23," of which Julia White was princess, and N. P.
Bradford was the "Joshua" whose duty it was to instruct, and
Martha Dockings was a member.  On the 6th of October, 1896, the
Mutual Aid Association issued to her the following certificate or
policy:    "Mutual Aid Association U. B. F. & S. M. T. of Ar-
kansas issues this certificate to Martha Dockings, a member of
Lincoln Temple No. 23, located in Little Rock, Arkansas, upon
evidence received from said temple that she is a member in
good standing of the same; and upon the condition that the
said Martha Dockings will comply with all the laws governing
said United Brothers of Friendship and Sisters of the Myster-
ious Ten Mutual Aid Association, the said U. B. F. & S. M. T.
Mutual Aid Association of Arkansas promises to pay out of the
sum raised by assessment upon all members to her, her physi-
cian, Dr. George W. Haymon, a sum not to exceed one hun-
dred dollars, in accordance with the laws of the same.    In wit-
ness whereof, the U. B. F. & S. M. T. Mutual Aid Association

of Arkansas has hereunto affixed its seal, and caused this certificate to be issued by

"X. R. Perry, Chairman;

"F. H. Hurd, Secretary."

Martha Dockings died, and George W. Haymon, the beneficiary named in the certificate, brought this action to recover the one hundred dollars.

In the trial of the action, which was before a jury, the foregoing facts were proved, and evidence was adduced which tended to establish the following facts: Martha Dockings was a member of Lincoln Temple at the time it was organized. She failed to pay the first quarterly assessment of sixty cents, which each member of the temple was required to pay on the first of October, 1895, for the Mutual Aid Association, and was suspended from the temple on account of that failure. Afterwards she was present at the temple on the first Tuesday night in July, 1896, and offered to pay all sums due from her, including insurance premiums, and she paid them to the princess. Afterwards, Hurd, the secretary of the Mutual Aid Association, was present, and agreed with the princess as to the amount due from Martha Dockings to the Mutual Aid Association, and received the same from the princess in full for the year 1896; but Dockings did not pay the second assessment, because it accrued in the time she was suspended. Upon these sums being paid, she was reinstated and restored to full fellowship in the temple. After this, on the 6th of October, 1896, the certificate sued on was issued to her. On the 19th of December, 1896, the temple was suspended on account of the non-payment of its dues to the Mutual Aid Association. While it was suspended it had no connection with the United Brothers of Friendship and Sisters of the Mysterious Ten, paid no dues, and was not recognized as a part of the order. In January, 1897, the dues which accrued on her insurance during her suspension of the temple were paid to the secretary of the Mutual Aid Association. On the 20th of January, 1897, she died, and on the 20th of February, 1897, her temple was re-instated. She belonged to no other temple.

Upon this evidence the court instructed the jury, over the

objections of the defendant, as follows:   "You are instructed that if you find from the evidence that it was the custom of the temple to re-instate members upon payment of amounts for which they were suspended, and if you find that Martha Dockings was so re-instated, and that the money paid by her therefor was received by the secretary of the Mutual Aid Association in full payment of her dues, and if you further find that she was not thereafter in arrears of which she had notice for non-payment of dues or premiums on insurance, then your verdict will be for the plaintiff, although you may find that the temple stood suspended at the time of her death."

And the defendant asked the court to instruct the jury as follows:   "If you find from the evidence that, at the time of deceased's death, she had not complied with the rules and regulations of defendant society, and that she was in arrears in her dues to the Mutual Aid Association, and the time for the collection of said dues had fully expired before her death, and she never paid said dues or tendered them, then you are told that plaintiff cannot recover, without reference to the suspension of the subordinate lodge of the deceased; that is, if you find that she had notice that such assessments were due and unpaid,"— and the court gave it with a modification.   The defendant also asked the court to give the following instruction: "If you find that deceased member paid her first assessment due her subordinate lodge, and was then suspended by said lodge, and afterwards by it reinstated, you are instructed that, according to the rules and regulations of said society, said member, upon being reinstated, must pay all back dues and assessments, and that the amounts paid by said deceased member upon reinstatement must be first applied to the back dues by her.   If, therefore, you find that, when said member was reinstated, she had not paid her second assessment, you are told that the payment by her of any sum will first be applied to this second assessment, unless she was excused from such payment by the statement of the secretary or an established custom to that effect."   And the court gave this instruction with a modification.   The record fails to show what the two modifications were.   But the defendant says that the first modifica-

tion was, "that is, if you find that she had notice that such assessments were due and unpaid," and that the second was, "unless she was excused from such payment by the statement of the secretary or an established custom to that effect." This may be true, but the record shows that the instructions were asked in the form we have stated.

The court refused to instruct the jury, at the request of the defendant, to return a verdict in favor of the defendant, in the event they found that Martha Dockings died during the suspension of Lincoln Temple, and was not at that time a member of any other temple of the same order.

The jury returned a verdict in favor of the plaintiff for the one hundred dollars; and the defendant appealed.

The instructions which we state that the defendant asked for, and set out in full, are substantially the same as the instructions given over the objections of the defendant, with one exception, and that is that the court, in the instruction objected to, told the jury that the suspension of Lincoln Temple at the time of Martha Dockings' death did not affect the right of appellee to recover. This leaves only one question for us to decide, and that is, did the suspension of the Lincoln Temple at the time when Martha Dockings died defeat the appellee's right to recover, she belonging to no other temple at that time?

The contract sued on is contained in these words: "Upon the condition that said Martha Dockings will comply with all the laws governing said United Brothers of Friendship and Sisters of the Mysterious Ten Mutual Aid Association, the said U. B. F. & S. M. T. Mutual Aid Association of Arkansas promises to pay out of the sum raised by assessment to her physician, Dr. George W. Haymon, a sum not to exceed one hundred dollars." It does not make the right of the beneficiary to the sum not exceeding one hundred dollars depend upon the act or omission of Lincoln Temple, but upon the compliance of Martha Dockings with the laws of the order. This is as it should be. It would be unjust to hold her responsible for conditions which she could not control. No construction which would give to the contract this effect should be placed upon it, if it can be reasonably avoided. The law does not

favor forfeitures, and reasonable constructions consistent with the language used, which would avoid such results, should be placed upon contracts. The language used in the contract in this case fortunately is not reasonably susceptible of any construction other than that we have placed upon it. We do not think that the suspension of Lincoln Temple defeated the right of appellee to recover in this action.

Judgment affirmed.