MOSAIC TEMPLARS OF AMERICA *v.* JONES.

Opinion delivered May 15, 1911.

1. BENEFIT INSURANCE—BY-LAWS—ABROGATION BY CUSTOM.—A by-law of a benefit insurance company requiring payment of assessments to be made to the national scribe may be abrogated by a custom of having the payments made to the local scribe. (Page 205.)

2. SAME—PAYMENT OF DUES—CUSTOM.—Where, by the custom of a benefit association, payment of dues to the local scribe was accepted as if made to the national scribe, the failure of the local scribe to send in a payment made before the assured's death until after that event did not work a forfeiture. (Page 206.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Jones & Price,* for appellant.

The local scribes in collecting assessments from members did so as agent of the members, and not as agent of the National Grand Scribe or National Grand Treasurer of the order. Not only were the officers of the local lodge enjoined by the laws of the order from collecting dues for the members except as agents of the members, but there was a different method provided for the collection thereof. It is also provided in the policy of Anna Anderson that she would pay the various dues, at the times stipulated in the policy, to the National Grand Scribe of the appellant. The constitution and laws of a society are parts of its contract with its members or policy holders. Bacon, Ben. Soc. § 144. Equally as elementary as the above is the rule that a contract should be construed as a whole. 21 Utah 239; 50 L. R. A. 371; 60 Pac. 1100; 55 O. St. 581; 60 Am. St. Rep. 711; 36 L. R. A. 236; Page on Contracts § 1112.

*White & Alexander,* for appellees.

The scribe of the local lodge was the agent of the Grand Lodge, and was so recognized by the receipt of funds paid by

members to him for the Grand Lodge. The course of dealing between the Grand Lodge and the scribe of the local lodge was a holding out of the scribe to the members as agent of the Grand Lodge; and when she received the quarterly endowment assessments from the members, her act was binding upon the Grand Lodge to the same extent as if the money had been sent direct to the Grand Scribe. 177 U. S. 260; 67 Ark. 506.

McCULLOCH, C. J.  Appellant, Mosaic Templars of America, is a fraternal insurance order or society organized and maintained by negroes, having supreme and subordinate chapters or temples. This is an action by the beneficiaries under a policy or benefit certificate in the sum of $150 issued to Anna Anderson, one of the members of said society. The by-laws provided for payment, by each member, of the sum of twenty-five cents annually to the subordinate chapter or temple payable at the first meeting in each year, and the further sum of seventy-five cents quarterly as endowment dues on each policy of $150 payable on or before the tenth day of the first month of each quarter, and also what is called a State tax in the sum of twenty-five cents. Anna Anderson died on December 21, 1908, and the endowment dues for that quarter had become due and payable on December 10. She had paid this amount to the local scribe on December 15, and the amount was forwarded to the national scribe, together with the dues of fourteen other members, on December 22, 1908, which was the next day after the death of Anna Anderson. The national scribe credited the amount so paid to said members, including Anna Anderson, but, when the proofs of death came to his hands, the national scribe refunded this particular payment to the scribe of the subordinate chapter and refused payment of the policy, on the ground that Anna Anderson had forfeited her membership by failing to pay her endowment dues within the time provided by the by-laws. There was evidence tending to show, and the circuit court found, that, though the by-laws provided for payment of the endowment dues to the national scribe, the custom prevailed for the payments to be made to the local scribe, and such payments were accepted by the national scribe. By this course of conduct the terms of the by-laws were abrogated, and the local scribe was constituted as the agent of the national organization for the purpose of collecting those assess-

ments or dues. The national scribe accepted and retained the endowment dues paid by Anna Anderson, though he must have known they were paid after the 10th of December. It is true that he did not know, at the time the amount came to his hands, that Anna Anderson was dead, but he must have known that the payment was made after December 10, for no question was raised at the time he received the money as to the time it had been paid. If the local scribe was constituted, according to this custom, as the agent of the national organization for the purpose of collecting the dues and received the payment from Anna Anderson, the failure to send the name in to the national scribe until after her death did not work a forfeiture of the policy. *United Brothers of Friendship* v. *Haymon*, 67 Ark. 506. We are therefore of the opinion that there was sufficient evidence to sustain the finding of the circuit judge, and that under the law applicable to those facts the appellant is responsible for the amount of the policy. Judgment affirmed.

KIRBY, J., dissents.