Hemphill, C. J.
The appellant was sued on bis note of band, executed in favor of Mrs. M. C. Eoane, and which was afterwards, by her indorsement in blank, transferred to Eobert J. Towns, the appellee. A failure of' consideration was set up in defense, but was not sustained, as judgment was rendered against the appellant for the full amount of the note. From this an appeal was taken, and afterwards the defendant, Hansborough, filed his petition praying an injunction against the execution, which had been issued on the judgment, alleging that he had tendered an appeal bond, with sufficient security, in the time prescribed by law, and had taken all proper steps to secure the appeal. The answer having denied all the material allegations of the petition, and no counteracting evidence having been offered by the complainant, the injunction which had been granted was dissolved; and ten per cent, on the amount of the original judgment awarded as damages for the delay. An appeal was also taken from this decree, and an appeal bond was afterwards filed, limited however in its terms and liabilities, to the prosecution of the appeal on the original judgment, to effect.
The appellant has not pointed out any grounds for the reversal of the decree dissolving the injunction, and it would have been passed without notice, as a judgment from which the appeal taken had not been prosecuted; but the proceedings in the latter, as well as the former branch of the case, having been embodied in the same record, and placed on docket by the appellant, and the appellee having insisted as well on the affirmance of the latter decree, as of the original judgment, we are constrained to consider them both as properly before the court for decision. That the bond was not given on the latter appeal is true; but it is not material, as under the 19th section of the statute of limitations, approved February 5, 1841 (5 Laws of Texas, p. 168), the right of appeal was secured, though a supersedeas would not be issued without the execution of a bond with surety or sureties, approved by the court or clerk below.
The judgments in both cases, or in both branches of the same case, being then before ns, we will in the first place very briefly dispose of the decree dissolving the injunction and dismissing the petition of the appellant. All the material allegations of the petition were denied under oath, in the answer; and this being uncontradicted, the foundation on which the restraining order of the court had been supported was swept away, and the injunction being left without any grounds to sustain it was properly dissolved.
It is assigned for error in the first judgment that the indorsement in blank was not filled up at or before the trial; and that without this, *(42) the plaintiff showed no interest in the note, and therefore had no right to recover.
This objection, if it be one, was not urged in the court below, and it is now too late to insist on a defect which should have been objected to at the trial, and was there susceptible of an easy remedy. "Where an indorsement in full is considered necessar-y to the recovery, it is the ordinary practice to fill up a blank indorsement at any time before or during the trial of the cause; but we are not prepared-to admit that a blank indorsement is not a sufficientdransfer of a promissory note, to enable a bona fide holder to sue and recover judgment against the makers or indorsers of the note. Mr. Chitty in his treatise on Bills and Notes (10 Am. from the 9 Lon. ed. p. 250) lays down the following as the modern doctrine on the subject of blank indorsements: “An indorsement in blank is sufficient to transfer the right of action to any bona fide holder,- and so long as it continues in blank, makes the bill or note payable to bearer; and it conveys a joint right of action to as many as agree jointly in suing on the bill, whether they be or not in partnership. It has been said that such an indorsement does not transfer the property and interest in the bill to the indorsee, without some further act, but that it gives him, as well as any other person to whom it is afterwards transferred, the power to constitute himself the assignee of the beneficial interest in the bill, by filling it up payable to himself; as by writing over the indorser’s name ‘pay the contents;’ which he may do even at the time of the trial; and this seems to be still the French law. But in this eoimtry it is now settled that such an indorsement, in itself, constitutes a complete and perfect transfer of the interest in the bill, and without the addition of any other words, will vest the right of action and all other rights in the transferee and subsequent holders; though if the transferee was a mere agent, the principal may interfere, and a blank indorsement is now considered as prima faoie, a transfer of the interest, until the contrary be established by showing that it was a mere deposit.”
From this authority it appears now to be the settled doctrine in England, that a blank indorsement prima faoie transfers completely and perfectly, all interest, all right of action and all other rights in the note or bill, to the transferee and subsequent holders; and that the full authority and absolute dominion of the holder over the note cannot be disputed, except by proof that he is but an agent, or that he holds the note as a mere deposit.
He may make what disposition of the note he chooses. He may hold it as agent; may use the indorsement as an acquittance to discharge the bill, or an assignment to charge the indorser; may negoti *(43) ate tbe bill for liis own benefit; return it to the indorser; cr write over the indorser’s name a receipt for the money, or an assignment to himself or to any other person. Where there has been a bona fide transfer, the indorser can no longer interfere with the disposition of the note, or prevent a formal assignment from being written over his own name, to any person whomsoever. And this may be done as well after the death of the indorser as during his life. It is conceded by all the authorities which I have been enabled to examine, that by a blank in-dorsement sufficient authority is conferred on the holder to sue in his own name; but it is held by some that it is necessary to recovery, that the blank indorsement should be filled up to the holder; and this, not because a formal assignment confers any additional right on the holder, but that it furnishes plain and indisputable. evidence of that right, or of his election to receive the money due on the note for his own benefit.
Now it is one of the best established principles of law, that a party suing must maintain his action on rights which had accrued previously to the commencement of proceedings, and that if the suit was begun without any grounds for its support, the defect cannot be cured by rights subsequently acquired by the plaintiff. The holder then, having full power over the note at the filing of the petition, can acquire no additional rights during the progress of the suit; nor can a formal assignment over the indorser’s name to himself show more clearly and more unequivocally his intention to hold the note as his own property, than he has already exhibited by suing in his own name and by alleging in his petition that he is the holder and owner of the note, or by the use of equivalent expressions.
At the commencement of the suit the plaintiff had perfect dominion over the note; this is positively averred in his pleadings, and that he holds it for his own use and benefit. Can it be said that he would offer more conclusive proof of the character of his right, by making out at the time of the trial, an assignment to himself over the name of a person who may be utterly opposed to its execution, who has no agency in making it or who may be dead?
By the indorsement in blank, the indorsee has the power of appointing the payment to be made to himself or to any other individual. By his action he shows clearly his intention, that the payment shall be made to himself, and no formal assignment, however full, comprehensive or specific may be its terms, can more distinctly demonstrate his election to receive the money for his own use.
In Louisiana it has been decided that the holder of a negotiable note, indorsed in blank, may sue in his own name without filling *(44) up the blank. These decisions are not founded upon any peculiar provisions of the laws of that state, but upon principles deducible from the common law authorities, to which reference was expressly made. See Allain v. Whitaker, 5 N. S. 512; Boing v. Bringier, 8 id. 509; Allard v. Garnishee, 664 M. R. 4; Abat v. Rion, 9 id. 465; Nerault v. Dodd, 3 La. 431.
On the whole then, we are of opinion that the objection is one of that character which should have been taken below in order to be considered here; and had it been taken and overruled, there would have been no error in the judgment of the court.
It is ordered, adjudged and decreed, that both judgments of the court below be affirmed at the cost of the appellant.