DAUGHERTY ET AL. v. GIBBS & CARTER.

INJUNCTION.— On dissolution of, plaintiff entitled to continuance unless answer denies the equity in the petition; then plaintiff must ask for continuance, otherwise he may be dismissed.

APPEAL from Dallas county. Opinion by WALKER, J.

STATEMENT.— Suit by appellants by injunction to enjoin Carter from further prosecuting a suit in the justice's court on two notes, instituted by him against appellants as mak-

ers, and Gibbs, the original payee and indorser of the note. The grounds of the bill were that the notes were purchase-money notes, given by appellants to Gibbs for a tract of land; that the title to the land was doubtful and a suit against them was pending by an adverse claimant, from which there was danger of eviction; that Gibbs is insolvent and they are without remedy on the warranty in his deed; that Carter acquired the notes as collateral security after maturity. Defendant's answer denied that the notes were acquired as collateral or that they were obtained after maturity, but alleged their acquisition before maturity and without notice of any defense against the notes. Defendant moved to dissolve the injunction, " because defendant's answer duly sworn to shows that the notes, which were negotiable notes, were transferred for value before they were due."

The court dissolved the ·injunction and dismissed the suit.

OPINION.— Held, the motion to dissolve the injunction was properly sustained. 1 Tex., 58; 2 Tex., 57.

On the dissolution of the injunction plaintiffs were entitled to require that the petition be continued over for trial or hearing as an original suit. 23 Tex., 292; Dallam, 436. But if the answer denies the equity in the petition it is not error to dismiss the suit, unless the plaintiffs ask that the petition be continued over for trial or hearing as an original petition or suit, which must appear of record. 12 Tex., 60; 27 Tex., 565.

AFFIRMED.