### SALAZAR et al. v. UNION CATOLICA DE SAN JOSE.
### No. 3145.

Court of Civil Appeals of Texas. El Paso. Nov. 15, 1934.

Rehearing Denied Nov. 28, 1934.

Sydney Smith, of El Paso, for plaintiffs in error.

Henry T. Moore, of El Paso, for defendant in error.

HIGGINS, Justice.

This is a suit by Salazar against the Union Catolica De San Jose, a nonprofit Texas corporation without capital stock "formed for religious, charitable and benevolent purposes; and especially: (a) To the accumulation of a fund for the purpose of paying sick and death benefits to the members of said society;

"(b) To cultivate social and religious intercourse among its members and to assist in improving the moral and religious condition of the members of said society;

"(c) To purchase and own such real estate and other property as may be necessary for the purpose of carrying on said society;

"(d) To obtain new members by organizing like societies in other localities in El Paso County, Texas."

Subordinate local lodges operated under charters granted by the defendant. Salazar, his assignors, and others were members of such a body known as subordinate Lodge No. 6.

The plaintiff in error brought this suit to recover premiums, dues, and assessments paid by him and various other members of Lodge No. 6, with interest thereon. He alleged that such other persons had assigned their claims to him; that he and they had been expelled without cause from their membership on August 28, 1932, by the defendant's board of directors and their insurance canceled.

Findings by a jury were made substantially as follows:

1. The alleged assignors executed and delivered the assignments to plaintiff as alleged.

2. None of said assignors or plaintiff were members of Branch No. 6, on August 28, 1932.

3. None of said parties had paid any dues or assessments prior to August 28, 1932.

From a judgment denying any recovery, Salazar appealed, complaining:

First, that findings 2 and 3 are contrary to the undisputed evidence.

Second, because the answers to certain questions propounded were not responsive.

Third, because the court failed to give certain instructions.

The answers to certain of the questions are not subject to the complaint stated.

■ The failure to give the instructions referred to presents no error because no exception to the court's charge was taken and no additional instructions or questions were requested. In such condition of the record this matter presents no error. Article 2185, R. S., and article 2190, R. S., as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190).

The complaint first stated is well taken, but for the reason to be now stated such error is harmless.

The gist of the action is the alleged wrongful repudiation of the contracts of insurance in favor of plaintiff in error and his assignors.

The allegation in this connection reads: "That on August 28, 1932, the Board of Directors of the Union Catolica de San Jose, acting for and on behalf of the said society and thereunto duly authorized and empowered, directed a communication to Mr. Severiano Hernandez, the then Secretary of subordinate Lodge Number Six of the said society, advising him that this plaintiff and all of his assignors, as well as the entire subordinate Lodge Number Six of said society, had been expelled from membership of said society and the authority of said subordinate Lodge Number Six was revoked and all of said members were expelled from said society."

The letter referred to reads:

"Esteemed Brother:

"At a regular meeting held on the 28th of the present month, the Board of Directors ordered the immediate suspension of Subordinate Lodge Number Six of the Catholic Union of San Jose.

"It is useless to make mention of the causes which have induced them to take this harsh measure, since you know the reasons therefor better than anyone.

"Three times you had opportunity to obey the orders which were given you and three times you brazenly refused. Thus it is that the Board of Directors, acting within its powers guided by strict justice upon applying to you Chapter 18, Section 7 of our By-laws now in force and the last Section of the Letters Patent which exist in the possession of each Lodge.

"I cause this to be made known to you in compliance with my duty."

■ This letter does not purport to expel the members of Lodge No. 6. It merely suspended the Lodge and did not operate as a cancellation and repudiation of the contracts of insurance existing between the defendant in error, the parent body, and the members of Lodge No. 6. Lone Star Lodge v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; American Legion of Honor v. Geisberg, 17 Tex. Civ. App. 2, 42 S. W. 785; Supreme Lodge Nat. Reserve Ass'n v. Turner, 19 Tex. Civ. App. 346, 47 S. W. 44, 45.

The cases cited are decisive in support of this view.

Furthermore, the evidence shows the suspension of the Lodge was abundantly warranted. The action taken was after due notice and ample opportunity afforded the Lodge to correct the conditions which caused the suspension order to be issued. The evidence further shows that suspended members may be reinstated upon compliance with the by-laws. No effort was made by plaintiff in error or his assignors to secure reinstatement. So, if the suspension of Lodge No. 6 be construed as a suspension of the individual members and cancellation of the insurance contracts, it was incumbent upon such members to take the action provided for reinstatement, and this they failed to do.

The evidence fails to show a wrongful repudiation of the contracts of insurance, for which reason a peremptory instruction in favor of the defendant in error should have been given. It follows the judgment should be affirmed.

Upon this view it becomes unnecessary to consider whether the proper measure of the plaintiff's recovery would be the premiums paid with interest.

Affirmed.